932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis G. ROBINSON, Plaintiff-Appellant,
v.
CLEVELAND STATE UNIVERSITY, Board of Trustees of Cleveland
State University, Defendants-Appellees.
 No. 90-3940.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 This pro se appellant, Lewis G. Robinson, appeals from the district court's order granting summary judgment in favor of the defendants, Cleveland State University and its Board of Trustees, in this suit brought pursuant to 42 U.S.C. Sec. 2000e, et seq., Title VII of the Civil Rights Act of 1964, and 29 U.S.C. Sec. 621, et seq., the Age Discrimination in Employment Act of 1967. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robinson, a black male over 50 years of age, alleged that he was denied employment with the Urban Center at the University's College of Urban Affairs on the basis of his race and age. Robinson alleged that between 1987 and 1989, he applied for six positions of employment with the Urban Center. The University only has a record of five applications. Robinson only filed charges of alleged employment discrimination against the University with the Equal Employment Opportunity Commission (EEOC) with respect to two of the positions he applied for: Director of the Center for Neighborhood Development and Neighborhood Planner. The EEOC issued Robinson a right-to-sue letter with respect to those two positions.
 
 
 4
 In his suit against the defendants, Robinson alleged that he was fully qualified for these positions and was denied them because of his race and age. He sought monetary damages and further requested a mandatory order requiring the University to employ him in the first available position for which he is minimally qualified.
 
 
 5
 The defendants filed a motion for summary judgment, with supporting attachments, alleging that there was no evidence that defendants' decisions were taken for discriminatory purposes. After reviewing the defendants' motion and Robinson's response, the district court granted the motion. Robinson's subsequent motion for reconsideration was denied in a marginal order entered October 2, 1990. Robinson disagrees with the district court's decision and brings this timely appeal.
 
 
 6
 Upon consideration, we conclude that summary judgment on Robinson's claims was proper, as Robinson did not establish the existence of any genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Moreover, the additional claim of retaliation presented on appeal will not be addressed as it was not first presented in the district court for consideration. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 7
 Accordingly, the order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation